# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| TIMOTHY C. WATSON, ) | Case No. 05-77864-DHA |
|    *d.b.a.*, ARCHITECTURAL STONE, LLC.,) | |
|    *Debtor.* ) | |
| ) | Chapter 11 |

## MEMORANDUM OPINION DENYING REQUEST
## FOR EXTENSION OF TIME TO OBTAIN CREDIT COUNSELING

This matter came on for hearing on November 3, 2005, upon the filing by the above-captioned Debtor of a Certificate of Exigent Circumstances ("Original Certificate") and his request for a 30-day extension of the requirement to obtain credit counseling pursuant to 11 U.S.C. § 109(h). The Debtor filed his Chapter 11 bankruptcy petition on October 20, 2005, and likewise filed the Certificate of Exigent Circumstances on the same date. On October 26, 2005, the United States Trustee filed a Response to the Certificate. On November 1, 2005, the Debtor filed an Amended Statement of Exigent Circumstances ("Amended Certificate"). Because this is the first request of this kind before this division of this Court under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005) ("BAPCPA"), which became effective on October 17, 2005, the matter was set for hearing.

Section 109(h) of the Bankruptcy Code, as amended by BAPCPA, imposes the requirement that, in order to be a debtor, individual debtors must obtain, within 180 days prior to filing a bankruptcy petition, "from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outline[s] the opportunities for

available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1) (2005). The Bankruptcy Code does make provision, however, for a temporary waiver of the credit counseling requirement. Section 109(h)(3)(A) sets forth a three-part test which, if satisfied, permits the Court to temporarily exempt a debtor from the requirement. Under that section, a debtor may be entitled to a temporary waiver if he files a certification that:

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1) [referencing Section 109(h)(1)];
(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred t in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and
(iii) is satisfactory to the court.

Like Section 109(h)(3), the Interim Procedures Governing Practice and Procedure Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as adopted pursuant to Standing Order No. 05-9, entered by the United States Bankruptcy Court for the Eastern District of Virginia on October 17, 2005, also contains provisions outlining the credit counseling requirement. Interim Procedure 1007-1(J)(1) sets forth the requirement that:

[A] debtor who is an individual shall file with the voluntary petition a certificate from an approved nonprofit budget and credit counseling agency and a copy of a debt repayment plan, if any, developed through the approved agency, unless the Court finds that the credit counseling requirement of 11 U.S.C. § 109(h) either will be deferred (i.e., temporary exemption) or not apply at all (i.e., permanent exemption) as provided for under § 109(h) (3) and (4), respectively.

Interim Procedure 1007-1(J)(2) goes on to provide that:

If the debtor files a certification with the petition in support of a request citing exigent circumstances that the debtor has attempted, but was unable to, obtain

2

credit counseling within five (5) days from making the request, the request may be granted if the request is satisfactory to the court. . . . The debtor must cite with particularity the circumstances that would support granting the debtor's request.

In his Original Certificate, the Debtor made the following statement:

I request a waiver of the requirement to obtain budget and credit counseling prior to filing because my business location is subject to an unlawful detainer action to be heard on the 20th day of October, 2005 and I am unable to get credit counseling prior to that time.

In its Response, the United States Trustee argued that the Debtor failed to satisfy the requirements of Section 109(h) as well as the requirements of the Court's Interim Procedures Governing Practice and Procedure under BAPCPA. The United States Trustee asserts that the Debtor's Original Certificate fails because it does not state that the Debtor requested credit counseling services from an approved agency within five days of making the request. The United States Trustee further asserts that the Debtor fails to cite what qualifies as "exigent circumstances" under the statute nor does it give further specific information as to why the Debtor was unable to receive credit counseling. The United States Trustee additionally noted that, while BAPCPA does not define "exigent circumstances," the ordinary rules of statutory construction should apply in interpreting that phrase. The phrase "exigent circumstances" is not ambiguous, according to the United States Trustee; instead, it "connotes urgent or dire circumstances," which the United States Trustee believes the Debtor in this case has not exhibited Response of the United States Trustee, filed October 26, 2005, Docket Entry 9, Case Number 05-77864-DHA.

In his Amended Certificate, the Debtor states that he was "engaged in negotiations with his landlord regarding a dispute concerning the continued occupancy of the business

3

premises" located in Norfolk, Virginia; was served with an unlawful detainer action ten days prior to filing; and was involved in mediation concerning this dispute until the afternoon prior to filing. The Debtor goes on to state that the "filing of Chapter 11 did not take place until approximately twenty minutes prior to the hearing on the unlawful detainer" and that "he initially contemplated filing for the LLC but due to a variety of personal guarantees a decision was made on the afternoon of the 19th of October to file personally instead for [sic] the LLC." Finally, Debtor states that "due to the short time frame between the decision to file and the hearing on the unlawful detainer, Mr. Watson was unable to obtain credit counseling." Amended Statement of Exigent Circumstances, filed November 1, 2005, Docket Entry 18, Case Number 05-77864-DHA.

At the hearing, counsel for the United States Trustee argued that the Debtor has failed to meet the requirements of Section 109(h)(3), as the requirements under that section must be read in the conjunctive. Thus, the Debtor must satisfy each provision of Section 109(h)(3)(A) to be eligible for a temporary exemption of the credit counseling requirement. Particularly, the United States Trustee argued that neither the Original Certificate nor the Amended Certificate contained a statement by the Debtor that he made any requests for credit counseling and that this failure constitutes a fatal flaw in his request for a temporary exemption. Counsel further argued that the plain meaning of the statute as a whole and Section 109(h)(3) in particular sets forth certain requirements that a debtor must meet in order to be eligible to be a debtor under the Bankruptcy Code, and failure to meet those requirements leaves the Debtor ineligible for bankruptcy protection.[1]

---

[1] However, Section 109(h)(4) permits a permanent waiver of the credit counseling requirement if the debtor is unable to complete that requirement because of incapacity, disability, or active military duty in a military combat zone. The Debtor has not asserted, either in the

4

Counsel for the Debtor argued that Section 109(h)(3)(A) should be read in the disjunctive in part due to the lack of the word "and" following the semi-colon at the end of Section 109(h)(3)(A)(i). He argued that Congress could have included the conjunctive "and" between Sections 109(h)(3)(A)(i) and 109(h)(3)(A)(ii), but chose not to so do. In so arguing, he stated that imposing both the five-day requirement contained in Section 109(h)(3)(A)(ii) and the statement of exigent circumstances requirement under 109(h)(3)(A)(i) could prejudice certain debtors' abilities to procure credit counseling, particularly in situations where a debtor decides to file on the eve of a foreclosure.

The Debtor additionally raised an issue as to the constitutionality of 11 U.S.C. § 109(h) as it applies to him. Specifically, the Debtor argued that under state law, he can elect to operate his business in a number of different legal structures, such as a corporation, a limited liability corporation, a partnership (if more than one individual is involved), or as he has chosen to do, as an individual sole proprietorship. As the Bankruptcy Code only requires credit counseling as an element of eligibility for an individual,[2] the Debtor urged the statute therefore denies equal protection of the law to persons situated as himself who choose to operate their respective businesses as individual sole proprietorships instead of corporations or limited liability companies, which are not required to obtain credit counseling as a condition of eligibility to maintain a bankruptcy petition under Title 11 of the United States Code. The discrimination is particularly shown, the Debtor argued, by the fact that, under

---

certificates nor at the hearing, that any of these circumstances apply to his case.

[2] 11 U.S.C. § 109(h)(1) provides that "Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an *individual* may not be a debtor under this title . . ." The Bankruptcy Code does not specifically define the term "individual." Merriam-Webster's Dictionary offer among its definitions of individual "a single human being as contrasted with a social group or institution," and "a particular person."

Virginia state law, it is legally permissible to have corporations with a single individual officer and shareholder or a limited liability company with a single member.

Counsel for the United States Trustee argued in rebuttal that the ordinary rules of statutory construction and the ordinary rules of grammar dictate that the use of a semi-colon be interpreted as setting forth a series of dependent requirements that must all be met, particularly when used with the conjunctive "and." Counsel also cited that if the Debtor's reading of Section 109(h)(3)(A) were adopted by the Court, Section 109(h)(3)(A)(iii) would effectively be read out of the statute as that phrase would be unable to stand on its own without the two preceding subsections [Sections 109(h)(3)(A)(i) and 109(h)(3)(A)(ii)]. As the Debtor has failed to meet the requirements of Section 109(h), counsel for the United States Trustee argued that he is thus ineligible to be a debtor under the Bankruptcy Code, and therefore, his case must be dismissed as the Code does not provide for an alternate remedy. As to the Debtor's argument regarding constitutionality, Counsel for the United States Trustee asserted that the rationale basis test would be appropriate test under applicable case law and that such test is satisfied by Section 109(h).

Finally, Counsel for the Debtor argued that if the United States Trustee's reading of Section 109(h) is correct and if there is no constitutional basis to object to the statute, Section 105 would afford the Court the ability to find that not only corporate entities would be adversely affected by a plain meaning reading of the eligibility requirement found in Section 109(h), but other entities as well.

Upon consideration of the evidence and the arguments of counsel, the Court finds that under the rules of statutory construction, the plain meaning of the statute is clear and that Section 109(h)(3)(A) should be read in the conjunctive and not in the disjunctive. This Court

recently discussed in detail the Plain Meaning Rule. *See In re Silvus*, 329 B.R. 193, 214 (Bankr. E.D. Va. 2005). In that case, this Court restated the well-settled principle that "'unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language.'" *Id.* (quoting *Hillman v. Internal Revenue Serv.*, 263 F.3d 338, 342 (4th Cir. 2001)). This Court also discussed the two exceptions to the Plain Meaning Rule, those being that the statute either produces a result that is at odds with the intent of Congress or that the plain reading of the statute produces such an absurd result that it "shock[s] the general moral or common sense." *Id.* (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989); *RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra)*, 361 F.3d 257, 265, 269 (4th Cir. 2004)).

The Court does not find that either of the exceptions to the Plain Meaning Rule are triggered in the instant case and that the language of Section 109(h)(3)(A) is clear and unambiguous: the use of the semi-colon following Section 109(h)(3)(A)(i) and the use of the semi-colon and the word "and" following Section 109(h)(3)(A)(ii) suggests Congress' intent that a debtor make a sufficient showing under all three subparts of Section 109(h)(3)(A) to be eligible to be a debtor under the Bankruptcy Code. As this Court stated in *Silvus*, while the result of interpreting Section 109(h)(3)(A) using the Plain Meaning Rule may produce an unpopular and perhaps even burdensome result, this Court is not the forum in which to seek a remedy; the proper venue instead lies with Congress.

In the instant case, the Debtor has failed to make a showing, either through his Original Certificate, his Amended Certificate, or during the hearing, that he made any request for credit counseling services. Thus, his failure to do so serves as a fatal flaw under Section 109(h)(3)(A)(ii) and the Debtor cannot satisfy the eligibility requirements set forth under

Section 109(h).

This Court is likewise persuaded that a plain reading of the statute is appropriate by the opinions of Judge Mitchell in this District in the cases of *In re Allen*, Case Number 05-15847, and *In re Louredo*, Case Number 05-15846, both issued on November 1, 2005. In those cases (in two separate opinions), Judge Mitchell also found that the debtors did not meet the requirements of Section 109(h) because both of the debtors failed to include the required statement that the debtors requested credit counseling services during the five-day period beginning on the date that the request was made but was unable to obtain those services.

Regarding the Debtor's argument that Section 109(h) may not pass constitutional muster because of its imposition on the due process rights of an individual debtor who runs a sole proprietorship, we begin with the premise that the "equal protection obligation imposed by the Due Process Clause of the Fifth Amendment is not an obligation to provide the best governance possible." *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981).[3] Thus, "[u]nless a statute employs a classification that is inherently invidious or that impinges on fundamental rights, areas in which the judiciary then has a duty to intervene in the democratic process, courts properly exercise only a limited review power over Congress." *Id.* At the minimum level, the Supreme Court has required that legislation classify the persons it affects in a manner rationally related to legitimate governmental objections. *Id.* (citing *Mathews v. De Castro*, 429 U.S. 181 (1976); *Dandridge v. Williams*, 397 U.S. 471 (1970)).

---

[3] The Fifth Amended to the United States Constitution provides in pertinent part, as follows: "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. The Supreme Court's approach to Fifth Amendment equal protection claims is precisely the same as to equal protection claims under the Fourteenth Amendment. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1976).

First, there would appear to be no basis for application of a heightened standard for review of Section 109(h) of the Bankruptcy Code. The alleged disadvantaged class of individuals who choose to operate their businesses as sole proprietorships and not as single member corporations or limited liability companies is hardly a "suspect" class. These individuals have not been historically discriminated against nor have those individuals exhibited "obvious, immutable or distinguishing characteristics that define them as a discrete group." *Lyng v. Castillo*, 477 U.S. 635, 638 (1986) (citing *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 313-14 (1976) (per curiam)).

Likewise, the requirement of credit counseling as an element for an individual to be eligible for bankruptcy relief does not appear to burden a fundamental right. As Justice Blackmun has observed:

> Bankruptcy is hardly akin to free speech or marriage or to those other rights, so many of which are imbedded in the First Amendment that the Court has come to regard as fundamental and that demand the lofty requirement of a compelling governmental interest before they may be significantly regulated. Neither does it touch upon what have been said to be the suspect criteria of race, nationality, or alienage. Instead, bankruptcy legislation is in the area of economics and social welfare. This being so, the applicable standard, in measuring the propriety of Congress' classification, is that of rational justification.

*U.S. v. Kras*, 409 U.S. 434, 446 (1973) (citations omitted). Justice Blackmun succinctly summarized the absence of constitutional significance of the right of access to file a bankruptcy petition: "There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *Id.*

An examination of the rational basis for the requirement by Congress for individuals (including those who operate businesses as sole proprietorships) to receive credit counseling

9

as a condition of eligibility for relief under the Bankruptcy Code suggests the classification is well within the policy judgment of the legislature. The Debtor's characterization that the statute in question discriminates against individuals who choose to operate their business as a sole proprietorship is misplaced. In an instance such as the Debtor here who operates a business as an individual sole proprietor, his business enterprise is not a separately recognized legal entity from his legal status as an individual. In contrast, the individual who establishes a corporation or a limited liability company for the purpose of business operation and asset ownership has created a wholly separate, legally identifiable entity apart from his individual legal existence. Congress simply has mandated that any natural person (as opposed to an artificial entity such as a partnership, corporation, or limited liability corporation) who seeks bankruptcy relief must either receive credit counseling or exemption therefrom, regardless of the extent of business or personal assets which such an individual may own or whether such an individual operates a business. In applying the credit counseling requirement to all natural persons who seek bankruptcy protection and not requiring it as a condition of eligibility for artificial legal entities who file, this Court cannot find that this "line-drawing" of the conditions of eligibility to receive the benefit of bankruptcy relief is so devoid of rational justification that this Court should substitute "its personal notions of good public policy" for that of Congress. *Schweiker*, 450 U.S. at 234. As such, the Court finds the provisions of 11 U.S.C. § 109(h) as applied here in the instant matter are not subject to invalidity pursuant to the Fifth Amendment of the United States Constitution.

Finally, this Court finds that there is no indication within the evidence or arguments currently before it that this case was filed in bad faith. However, because the Debtor has

failed to satisfy the requirements under Section 109(h)(3)(A), this Court has no discretion to permit the Debtor an extension of time to obtain the credit counseling required under the statute. Further, because Congress specifically sets forth requirements for eligibility for protection under the Bankruptcy Code in Section 109 and the Debtor has failed to fulfill those requirements, this Court must dismiss his Chapter 11 bankruptcy case.

A separate order will issue.

Accordingly, the Court ORDERS that the above-captioned bankruptcy case is DISMISSED.

The Clerk shall deliver copies of this Memorandum Opinion to Robert V. Roussos, counsel for the Debtor; and Cecelia A. Weschler, Counsel for the Office of the United States Trustee.

IT IS SO ORDERED.

Entered this **3rd** day of **November, 2005**, at Norfolk, Virginia.

STEPHEN C. ST. JOHN
United States Bankruptcy Judge